UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GABRIEL M. BRISTOL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ELIZABETH JOAN HUGHES, et al.,<br><br>　　　　Defendants. | Case No. 2:16-cv-00705-JCM-CWH<br><br>**ORDER** |

Presently before the court is defendant Elizabeth Hughes's motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).  (ECF No. 9). Plaintiff Gabriel Bristol filed a response (ECF No. 16), but defendant filed no reply.

**I.     Introduction**

On March 30, 2016, plaintiff filed a complaint regarding the course of dealings between himself and defendant, who allegedly provided plaintiff with a $166,886.00 loan to buy a residence in Las Vegas.  (ECF No. 1).  Plaintiff requests declaratory relief and alleges that defendant has breached the lending contract as well as the implied covenant of good faith and fair dealing due to defendant's alleged demand for early payment of the full sum and alleged claim that plaintiff "stole the loan proceeds rather than having lawfully borrowed them."  (*Id.* at 9).

In the instant motion, defendant argues that this court has no subject matter jurisdiction for two reasons: (1) plaintiff is actually a non-diverse resident of Nevada; and (2) the amount in

controversy standard of 28 U.S.C. § 1332 is not satisfied because, although the underlying debt is at least $155,286, only an additional sum of slightly more than $6,600 is in dispute. (ECF No. 9). Plaintiff responds that defendant's exhibits shows no admission of Nevada residence, arguing instead that he is a California resident who "owns investment properties here in Nevada," and that the amount-in-controversy requirement is satisfied because the full value of the loan, exceeding $160,000, is the applicable jurisdictional value. (ECF No. 16 at 7).

**II.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(1) allows a party to present the defense of "lack of subject-matter jurisdiction." For a federal district court to have diversity jurisdiction, 28 U.S.C. § 1332(a)(1) requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and that the action be between "citizens of different states." Moreover, "a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

Specifically, 28 U.S.C. § 1332 requires diversity of citizenship, which is not indicated by an individual's residence but rather that person's place of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)).

**III.    Discussion**

This court's review of defendant's offered exhibits, including subpoena requests or deposition notices, attorney correspondence, and Clark County assessor records, neither reveals an admission that plaintiff is a Nevada citizen nor shows that plaintiff both resides and has the intent to remain in Nevada. *See Kanter*, 265 F.3d at 857; *see also* (ECF Nos. 9-1, 9-2, 9-3, 9-4, 9-5, 9-6). Conversely, plaintiff offers evidence probative of his jurisdictional allegation of diversity jurisdiction—an attorney letter indicating a reluctance to travel from northern California to Nevada for a deposition. *See* (ECF No. 16-1); *see also* (ECF No. 1) (alleging that

28 U.S.C. § 1332(a)(1) applies and that "[e]very issue of law and fact in this action is wholly between a plaintiff who is a citizen of a state that is different from that of defendant."). Therefore, defendant's argument that diversity of citizenship is not present fails. (ECF No. 9).

Next, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)).

Here, plaintiff has requested declaratory relief. (ECF No. 1). Further, both parties agree that the sum of the underlying loan is at least $155,286. *See* (ECF Nos. 1, 9, 16). In this case, plaintiff seeks a declaration of his legal rights, including *inter alia* that:

> Mr. Bristol be adjudged to have lawfully borrowed the subject loan proceeds; that the term of the loan is 30 years; that the interest rate is 5 percent per year; that the amount of the amortized monthly payment is $879.08; that no act or omission to act may be attributed to Mr. Bristol causing an event of default and, relatedly, that the loan has not been accelerated and that the entire balance is not due; that Ms. Hughes has prevented the performance of the loan by her conduct as described herein; and that that Mr. Bristol has already made repayments in the total sum of $11,600.

(ECF No. 1).

In light of plaintiff's complaint, it is clear that the present litigation involves the underlying loan as a whole. *See Cohn*, 281 F.3d at 840; *see also* (ECF No. 1). Further, the parties have agreed that the loan amount is greater than $75,000. (ECF Nos. 9, 16). Therefore, the amount-in-controversy requirement of § 1332 is satisfied here.

**IV.    Conclusion**

Plaintiff has sufficiently alleged diversity of citizenship, and defendant offers no evidence demonstrating that plaintiff is actually a citizen of Nevada. Moreover, the loan value satisfies the amount-in-controversy requirement for diversity jurisdiction.

Accordingly,

1  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss (ECF No. 9) be, and the same hereby is, DENIED.

DATED THIS 18th day of January, 2017.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE