**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GABRIEL M. BRISTOL, | Case No. 2:16-cv-00705-JCM-CWH |
| Plaintiff, | |
| v. | |
| ELIZABETH JOAN HUGHES, | **REPORT & RECOMMENDATION** |
| Defendant. | |

This matter is before the Court due to Plaintiff and Counter Defendant Gabriel M. Bristol's failure to comply with the Court's order (ECF No. 26) and order to show cause (ECF No. 32).

**I.  Background**

On June 21, 2017, Defendant and Counter Claimant Elizabeth Joan Hughes filed a proposed discovery plan and scheduling order (ECF No. 20), in which she represented that Plaintiff was unresponsive to Defendant's attempts to draft a discovery plan. Based on these representations, the Court scheduled a hearing. Subsequently, the Court granted Plaintiff's counsel's motion to withdraw (ECF No. 22). At the hearing (ECF No. 26), Plaintiff represented that he planned to hire new counsel, and requested time to do so before filing a discovery plan. The Court ordered Plaintiff to have new counsel file a notice of appearance and submit a proposed discovery plan and scheduling order no later than July 25, 2017. To date, Plaintiff has not submitted a discovery plan, filed a notice of appearance of new counsel, or make any further filings in this matter.

On August 2, 2017, this Court entered an Order to Show Cause (ECF No. 32), requiring Plaintiff to show in writing no later than August 17, 2017 why he failed to comply with the Court's previous order. To date, Plaintiff has not responded to the Order to Show Cause.

**II.  ANALYSIS**

The underlying purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The rules provide several mechanisms that allow courts to accomplish this goal through the use of sanctions against

parties that fail to comply with court orders or that unnecessarily multiply proceedings. Federal Rule of Civil Procedure 16 is the central pretrial rule that authorizes courts to manage their cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Specifically, Rule 16(f) "puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal." *Id.* Rule16(f) provides in relevant part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference . . . or fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(1).

Potential sanctions under Rule 37(b)(2)(A) include striking pleadings and rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi). "A court must consider the following five factors before striking a pleading or declaring default: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (quotation omitted). Only "willfulness, bad faith, or fault of the party" justify terminating sanctions. *Id.* (quotation omitted). It is within the court's discretion whether to impose discovery sanctions. *Id.*

Here, the first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of terminating sanctions. Plaintiff has completely disengaged from participation in this case, as demonstrated by its failure to initiate a scheduling conference, draft a scheduling order, comply with the Court's orders, or to respond to the Court's Order to Show Cause. Plaintiff's repeated failures to comply with the court's orders are inconsistent with Rule 1's directive to "secure a just, speedy, and inexpensive" determination of this action. Plaintiff's inaction have also interfered with the Court's management of its docket, multiplied these proceedings, and have squandered the Court's resources.

The third factor and fourth factors, risk of prejudice to the other parties and the public policy favoring disposition of cases on their merits, also weigh in favor of terminating sanctions. Plaintiff's failure to comply with the court's orders have made it impossible for this case to move forward. *See United States v. High Country Broad.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam). Plaintiff's failure to respond to the Court's orders also are prejudicial to the other parties, who are entitled to conduct discovery, proceed to trial, and obtain a rightful decision in this case.

Finally, sanctions less drastic than terminating sanctions are unavailable because Plaintiff has refused to comply with multiple orders. Given Plaintiff's failure to comply with past orders, the Court has no reason to believe he would comply with future orders.

Given that these factors all weigh in favor of terminating sanctions, the Court will recommend that Plaintiff's Complaint (ECF No. 1) be stricken as a sanction for his failure to comply with the Court's orders. Defendant's Counterclaim will proceed according to the scheduling order currently in effect (ECF No. 30).

//
//
//
//
//
//
//
//
//
//
//
//
//
//

**RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (ECF No. 1) be stricken, and Plaintiff's claim be **dismissed with prejudice** for failure to comply with the Court's order.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: August 23, 2017

_____
C.W. Hoffman, Jr.
United States Magistrate Judge